[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the Plaintiff oil dealer in four counts. The first count sounds in contract against the Corporate Defendant, E. B. Industries, Inc. The second count is also against the Corporate Defendant for unjust enrichment. Count Three is against the individual Defendant, Robert D. Cura d/b/a E. B. Fuel in contract. Count Four is against the individual Defendant for unjust enrichment. All counts pertain to the purchase of oil and oil products from Plaintiff.
The findings of fact describe the details of the relationship between the parties.
There was agreement that the Plaintiff supplied oil for which it had not received payment but disagreement over the party or parties liable for payment.
The Plaintiff's representative, Steven Stack, Sr., testified that he had known the Defendant, Robert D. Cura, for many years and that Defendant had previously done business with Plaintiff under the name of "The Estate of Peter B. Cura and Sons." The Defendant acknowledged that fact.
The plaintiff claimed credit was requested by Robert D Cura and extended to Robert D. Cura personally. Robert D. Cura denied personal liability and claims the debt due Plaintiff is due only from the corporation E. B. Industries, Inc.
The Plaintiff has presented twenty six pages of original ledger sheets and cards (Plaintiff) / Exhibit A) showing the names E B Fuel initially in March of 1981 and E. B. Fuel from October 13, 1981 through September 12, 1984 (2d pages). On the last index card, the customer name is shown as E. B. Fuel Co. in September 1984. Plaintiff did not list the customer as a corporation on its books of accounts. CT Page 149
The Defendant never called Plaintiff to correct the name of the company to show corporate status. The principal of the Defendant corporation, Robert D. Cura testified that he set up a Mattatuck Bank checking account in the name of E. B. Industries, Inc. but that he bought from Stack "in the name of E. B. Fuel." (emphasis supplied)
Plaintiff did send a statement to E. B. Fuel, Inc. after litigation commenced in August 1988 and the undersigned dismissed it as a desperate attempt to collect the debt from anyone obligated to pay it. The first billing to a corporation came nearly five years after the last oil delivery and is not acceptable evidence that the debt was incurred solely by the defendant corporation.
The Defendant claims all payments were made with Corporate checks in the name of E. B. Industries, Inc. but offered not a single cancelled check to show the method of payment. Defendant offered an explanation that the checks had been destroyed in a flood. He did not describe when the flood had occurred, or why he was not able to obtain copies of the checks from the bank microfiche records.
The Defendant, Robert D. Cura, attempted to avoid liability for interest by saying he received monthly statements from Plaintiff but never looked at them and kept no record of a balance due.
The Plaintiff's representative described an offer by Defendant Robert D. Cura to pay the large delinquent oil bill due Plaintiff by selling Plaintiff two parcels of Watertown land for $97,000.00 and $47,000.00 and crediting the oil bill balance as partial payment. The Defendant Cura denies offering the land for sale and claims the owner of the land is a Living Trust controlled by three trustees, including himself, and that the beneficiary of the trust is his daughter. Robert D. Cura claimed he didn't know the purpose of the Living Trust.
The undersigned finds the testimony of the Plaintiff's representative credible.
The Trier finds the testimony of Robert D. Cura to be not credible. Robert D. Cura appears to have intentionally failed to disclose the corporate existence of E. B. Industries, Inc. when making credit arrangements with Plaintiff's representative, Steven Stack.
Robert D. Cura attempts to avoid liability for the interest payment obligation of 1 1/2% per month printed on Plaintiff's by claiming he did not read the statements. This was CT Page 150 clearly a commercial and not a retail or consumer relationship. Cura negotiated terms with Plaintiff individually and is personally liable for the oil purchases which are unpaid for as of this date. The balance due as of the last delivery on October 25, 1984 is $17,826.51. Interest is due Plaintiff at 18% per annum from that date in the amount of $18,450.44. Judgment should enter against Defendant Robert D. Cura d/b/a E. B. Fuel on Count Three for $36,276.95 with costs.
Robert D. Cura purchased the oil for the benefit of E. B. Industries, Inc. and Judgment should enter in favor of Plaintiff against E. B. Industries, Inc. on Count Two, unjust enrichment in the amount of $36,276.95 plus costs.
Judgment should enter in favor of the Defendants on Counts One and Four as they were pleaded in the alternative, without costs.
FRANCIS J. GRADY Attorney Trial Referee.